# EXHIBIT A

**(Copies of Pleadings and Other Documents**

**Filed in State Court Proceeding)**

Server _____
Date _7/15/20_ Time _11:25 AM_
P/S _JANET JENSON_
ANDERSON INVESTIGATIONS, INC.   #G101390
P.O. BOX 638, SLC, UT 84110   877-919-1119

1  JEFFREY L. VICTOR, P.C.
   Attorney at Law
2  5425 E. Bell Rd., Ste 121
   Scottsdale, Arizona 85254
3  (602) 749-0900
   victoratty@aol.com
4
   Jeffrey L. Victor - 013132
5  *Attorney for Plaintiff*

6

           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7
              IN AND FOR THE COUNTY OF MARICOPA
8
   HELEN SCHIRMER, surviving spouse of          Case No.  CV2015-052706
9  Decedent CARL SCHIRMER, for and on her
   own behalf and on behalf of the decedent's
10 estate and on behalf of all who may have a statutory          SUMMONS
   right of recovery,
11
                    Plaintiff,                   If you would like legal advice from a lawyer,
12                                               contact the Lawyer Referral Service at
          vs.                                             602-257-4434
13                                                            or
   AVALON HEALTH CARE, INC., a Utah             www.maricopalawyers.org
14 corporation, doing business as AVALON CARE        Sponsored by the
   CENTER SHADOW MOUNTAINS; JOHN             Maricopa County Bar Association
15 DOES I-X; JANE DOES I-X; ABC
   CORPORATIONS I-X; and XYZ
16 PARTNERSHIPS I-X,

17                 Defendants.

18 THE STATE OF ARIZONA TO THE DEFENDANT(S):

19
           AVALON HEALTH CARE, INC.
20         dba AVALON CARE CENTER SHADOW MOUNTAINS
           c/o Scott Carpenter, statutory agent
21         206 N. 2100 West
           Salt Lake City, Utah 84116
22
           YOU ARE HEREBY SUMMONED and required to appear and defend, within the time
23 applicable in this action in this Court. If served within Arizona, you shall appear and defend within
   20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.
24 If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by
   publication - you shall appear and defend within 30 days after the service of the Summons and
25 Complaint upon you is complete, exclusive of the day of service. Where process is served upon the
   Arizona Director of Insurance as an insurer's attorney to receive service of legal process

1  against it in this state, the insurer shall not be required to appear, answer or plead until expiration of
   40 days after date of such service upon the Director.  Service by registered or certified mail without
2  the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service
   with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct
3  service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is
   complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.
4

5          YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within
   the time applicable, judgment by default may be rendered against you for the relief demanded in the
6  Complaint.

7          YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or
   proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee,
8  within the time required, and you are required to serve a copy of any Answer or response upon the
   Plaintiff[s]' attorney.
9
          The name and address of Plaintiff(s)' attorney is:
10
                          Jeffrey L. Victor
11                   JEFFREY L. VICTOR, P.C.
                       5425 E. Bell Rd., Ste 121
12                   Scottsdale, Arizona 85254

13
       SIGNED AND SEALED this Date:_____
14                                                         COPY
15
                                   _____
16                                 Clerk              JUL 0 8 2015

17                                 By_____  MICHAEL K. JEANES, CLERK
                                   Deputy Clerk          DEPUTY CLERK
18
   Requests for reasonable accommodation for persons with disabilities must be made to the
19 division assigned to the case by the party needing accommodation or his/her counsel at least
   three (3) judicial days in advance of a scheduled proceeding.  Requests for an interpreter for
20 persons with limited English proficiency must be made to the division assigned to the case by the
   party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in
21 advance of a scheduled court proceeding.

22

23

24

25
                                         2



COPY

JUL 0 8 2015

MICHAEL K. JEANES, CLERK
DEPUTY CLERK

1 | JEFFREY L. VICTOR, P.C.
Attorney at Law
2 | 5425 E. Bell Rd., Ste 121
Scottsdale, Arizona 85254
3 | (602) 749-0900
victoratty@aol.com
4 |
Jeffrey L. Victor - 013132
5 | *Attorney for Plaintiff*

6

7 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8 | IN AND FOR THE COUNTY OF MARICOPA

Case No. CV2015-052706

9 | HELEN SCHIRMER, surviving spouse of
Decedent CARL SCHIRMER, for and on her
10 | own behalf and on behalf of the decedent's estate
and on behalf of all who may have a statutory
right of recovery,

**COMPLAINT**

(Tort – Wrongful Death;
Adult Protective Services )

11 | Plaintiff,

12 | vs.

13 | AVALON HEALTH CARE, INC., a Utah
corporation, doing business as AVALON CARE
14 | CENTER SHADOW MOUNTAINS; JOHN
DOES I-X; JANE DOES I-X; ABC
15 | CORPORATIONS I-X; and XYZ
PARTNERSHIPS I-X,
16

17 | Defendants.

18 | Plaintiff Helen Schirmer, surviving spouse of Decedent Carl Schirmer, for and on her own

19 | behalf and on behalf of the decedent's estate and on behalf of all who may have a statutory right

20 | of recovery, by and through her counsel undersigned, and for her Complaint against Defendants,

21 | states and alleges as follows:

22 | **GENERAL ALLEGATIONS**

23 | 1. Plaintiff Helen Schirmer is now and at all times relevant hereto, has been a resident

24 | of Maricopa County, State of Arizona; and states that all events leading to this cause of action

25 |

1

1  occurred in Maricopa County, State of Arizona.

2       2.      Plaintiff, as Personal Representative of the Estate of Decedent Carl Schirmer, is

3  the surviving spouse of the Decedent Carl Schirmer, who died in Maricopa County, State of

4  Arizona, as a result of the wrongful acts of the Defendants, on August 20, 2014.

5       3.      Plaintiff brings this action on her own behalf and, pursuant to A.R.S. § 12-612(a),

6  on behalf of all who may have a statutory right of recovery.

7       4.      Defendant Avalon Health Care, Inc. is a Utah corporation, authorized to do and

8  doing substantial business in Maricopa County, State of Arizona, as Avalon Care Center

9  Shadow Mountains [collectively "Avalon"], and acting through its agents and/or servants and/or

10  employees, caused an event to occur in the State of Arizona, which is the subject of this lawsuit.

11       5.      Upon information and belief, Defendant Avalon Health Care, Inc. owns and

12  operates a skilled health care facility known as Avalon Care Center Shadow Mountains, located in

13  City of Scottsdale, State of Arizona.

14       6.      Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ

15  Partnerships I-X are various individuals, corporations, partnerships, officers, principals, affiliates,

16  trustees, trainees, employees, partners, agents, or representatives of the named Defendant herein,

17  who have contributed to the negligence alleged herein.  The true names of the fictitious Defendants

18  are unknown to the Plaintiff at this time and at such time as the true names of said Defendants are

19  ascertained, Plaintiff will seek leave of this Court to substitute them for the fictitious name in

20  which they are sued.

21       7.      On May 23, 2014, Decedent Carl Schirmer, was discharged from Scottsdale

22  Healthcare Shea ["Scottsdale Healthcare"].

23       8.      At the time of discharge, Decedent Carl Schirmer was diagnosed with numerous

24  ailments, including dementia and imbalance.

25

2

9.    Upon his discharge, Decedent Carl Schirmer was admitted to Avalon.

10.    Decedent Carl Schirmer was 84 years of age at the time of admission to Avalon.

11.    At the time of his admission to Avalon, Decedent Carl Schirmer was known to be a high risk for falls.

12.    Upon information and belief, the Defendant was aware Decedent Carl Schirmer was determined to be at a high risk for falls, due to his advanced age and her medical conditions.

13.    Upon information and belief, Defendant Avalon, including its staff medical health care professionals, failed to identify Decedent Carl Schirmer's unsafe setting and failed to institute safety measures, and thus failed to protect Decedent Carl Schirmer from falling and causing injuries to himself.

14.    Despite notification to the Defendant of Decedent Carl Schirmer's high risk of falling and increasingly obvious risk for falls, no precautionary measures were undertaken by any of the Defendant to protect Decedent from any fall.

15.    In their examination, evaluation, assessment, diagnose, care, management, and treatment rendered to Decedent Carl Schirmer, Defendant Avalon, including its staff medical health care professionals, failed to exercise that degree of care, skill, and learning expected of a reasonable and prudent nursing home and healthcare provider, in the profession or class to which they belong within this State, acting under the same or similar circumstances.

16.    On or about July 3, 2014, Decedent Carl Schirmer fell while trying to ambulate within his room.

17.    On or about August 1, 2014, Decedent Carl Schirmer again fell and was found lying on the floor.

3

18.    As a result of the fall, Decedent Carl Schirmer was diagnosed with a fractured hip.

19.    The fall and fractured hip Decedent Carl Schirmer suffered at Avalon, directly resulted in a major decline of Decedent Carl Schirmer' condition.

20.    On August 20, 2014, Decedent Carl Schirmer died.

## COUNT ONE

### (Wrongful Death)

21.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1-20 inclusive.

22.    Upon information and belief, the agents and employees of Defendant Avalon, including its staff medical health care professionals, knew and had reason to know Decedent Carl Schirmer was an incapacitated and vulnerable adult.

23.    Upon information and belief, the agents and employees of Defendant Avalon, including its staff medical health care professionals, were aware Decedent Carl Schirmer was determined to be at high risk for injurious falls.

24.    Upon information and belief, the agents and employees of Defendant Avalon, including its staff medical health care professionals, failed to provide Decedent Carl Schirmer with the proper safety measures, supervision, medical care and treatment while Decedent was a resident of Avalon.

25.    As a result of the improper safety measures, supervision, medical care and treatment, Carl Schirmer died on August 20, 2014.

26.    Defendant Avalon, and its agents and employees, including its staff medical health care professionals, were required to exercise the appropriate degree of care, skill, and learning expected of reasonable nursing home and healthcare providers in the profession or

4

1  class to which it belongs within this State, acting under the same or similar circumstances.

2      27.   In their examination, evaluation, assessment, diagnose, care, management, and

3  treatment rendered to Decedent Carl Schirmer, Defendant Avalon, and its agents and employees,

4  including its staff medical health care professionals, and each of them, failed to exercise that

5  degree of care, skill, and learning expected of a reasonable and prudent nursing home and

6  healthcare provider, in the profession or class to which they belong within this State, acting

7  under the same or similar circumstances.

8      28.   Defendant Avalon, and its agents and employees, including its staff medical

9  health care professionals, breached their duty to Decedent Carl Schirmer in negligently failing

10  to act appropriately with regards to Decedent Carl Schirmer' medical condition, and in

11  otherwise being negligent and careless under all of the circumstances then and there existing.

12      29.   The direct and proximate result of the above-referenced negligence, carelessness,

13  and breach of duty by the Defendants, and each of them, caused the injuries, damages, and

14  resulting harm to Decedent Carl Schirmer, which breach of duty ultimately caused his death on

15  August 20, 2014.

16      30.   As a further direct and proximate result of the negligence, carelessness, and

17  breach of duty of all Defendants, and each of them, Plaintiff incurred the loss of love and

18  affection since her husband's death and will continue to incur said losses.

19      31.   As a further direct and proximate result of the negligence, carelessness, and

20  breach of duty of all Defendants, and each of them, Plaintiff incurred pain, grief, sorrow,

21  anguish, stress, shock and mental suffering.

22      32.   As a further direct and proximate result of the negligence, carelessness, and

23  breach of duty of all Defendants, and each of them, Plaintiff incurred a loss of monetary income

24  since her husband's death and will continue to incur said loss.

25

5

33.   As a further direct and proximate result of the negligence, carelessness, and breach of duty of all Defendants, and each of them, to follow the applicable standards of care, Plaintiff incurred medical, hospital, and funeral and burial expenses, in an amount which will be proven at trial.

**COUNT TWO**

(Negligence)

34.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1-33, inclusive.

35.   Although Defendant Avalon knew Decedent Carl Schirmer was an incapacitated and vulnerable adult, its agents and employees, including its staff medical health care professionals, failed to protect Decedent Carl Schirmer from incurring severe and deadly injuries.

36.   Defendant Avalon, and its agents and employees, including its staff medical health care professionals, breached their duty of care to Decedent Carl Schirmer and negligently and recklessly performed their professional duties so as to directly and proximately cause Decedent Carl Schirmer to incur severe and deadly injuries.

37.   Defendant Avalon, and its agents and employees, including its staff medical health care professionals, failed to identify Decedent Carl Schirmer' unsafe setting and failed to institute safety measures, and thus failed to protect Decedent from falling and causing injuries to himself.

38.   The direct and proximate result of the above-referenced negligence, carelessness, and breach of duty by the Defendants, and each of them, caused the injuries, damages, and resulting harm to Decedent Carl Schirmer, which breach of duty ultimately caused his death on August 20, 2014.

39.   As a further direct and proximate result of the negligence, carelessness, and breach of duty of all Defendants, and each of them, Plaintiff incurred the loss of love and affection since her husband's death and will continue to incur said losses.

40.   As a further direct and proximate result of the negligence, carelessness, and breach of duty of all Defendants, and each of them, Plaintiff incurred pain, grief, sorrow, anguish, stress, shock and mental suffering.

41.   As a further direct and proximate result of the negligence, carelessness, and breach of duty of all Defendants, and each of them, Plaintiff incurred a loss of monetary income since her husband's death and will continue to incur said loss.

42.   As a further direct and proximate result of the negligence, carelessness, and breach of duty of all Defendants, and each of them, to follow the applicable standards of care, Plaintiff incurred medical, hospital, and funeral and burial expenses, in an amount which will be proven at trial.

**COUNT THREE**

**(Adult Protective Services Act)**

43.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1-42, inclusive.

44.   At all times herein, Decedent Carl Schirmer was an incapacitated and/or vulnerable adult and Defendant's agents and employees, including its staff medical health care professionals, caused or permitted the life of the Decedent Carl Schirmer to be endangered and/or caused or permitted Decedent Carl Schirmer' health to be injured or endangered by neglect, a violation of A.R.S. § 46-455B.

45.   The direct and proximate result of the above-referenced negligence, carelessness, and breach of duty by the Defendants, and each of them, caused the injuries, damages, and

7

1 | resulting harm to Decedent Carl Schirmer, which breach of duty ultimately caused his death on

2 | August 20, 2014.

3 |      46.    As a further direct and proximate result of the negligence, carelessness, and

4 | breach of duty of all Defendants, and each of them, Plaintiff incurred the loss of love and

5 | affection since her husband's death and will continue to incur said losses.

6 |      47.    As a further direct and proximate result of the negligence, carelessness, and

7 | breach of duty of all Defendants, and each of them, Plaintiff incurred pain, grief, sorrow,

8 | anguish, stress, shock and mental suffering.

9 |      48.    As a further direct and proximate result of the negligence, carelessness, and

10 | breach of duty of all Defendants, and each of them, Plaintiff incurred a loss of monetary income

11 | since her husband's death and will continue to incur said loss.

12 |      49.    As a further direct and proximate result of the negligence, carelessness, and

13 | breach of duty of all Defendants, and each of them, to follow the applicable standards of care,

14 | Plaintiff incurred medical, hospital, and funeral and burial expenses, in an amount which will be

15 | proven at trial.

16 | **COUNT FOUR**

17 | **(Loss of Consortium)**

18 |      50.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs

19 | 1-49 inclusive.

20 |      51.    As a direct and proximate result of the negligence of Defendants, and each of

21 | them, Plaintiff incurred a loss of society and companionship with her husband, Decedent Carl

22 | Schirmer.

23 |      52.    As a further direct and proximate result of the negligence of Defendants, and

24 | each of them, Plaintiff has suffered and continues to suffer severe mental anguish and anxiety.

25 |

## COUNT FIVE

### (Punitive Damages)

53.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1-52, inclusive.

54.    The actions of all Defendants, and each of them, showed an intentional, wanton, and willful disregard of the physical and emotional well-being of Decedent Carl Schirmer, for which Plaintiff seeks punitive damages, pursuant to A.R.S. § 46-455H4.

WHEREFORE, the amount in controversy exceeds the jurisdictional requirements of this Court, Plaintiff prays that this Court grant her judgment against the Defendants, jointly and severally, as follows:

1.    For all sums representing costs of medical expenses, funeral and burial expenses, and other special expenses incurred by Plaintiff, in an amount to be determined at trial;

2.    For general damages to be awarded to Plaintiff for the loss of love, affection, companionship, since Decedent Carl Schirmer death, plus reasonable future damages for Plaintiff's loss of love, affection, companionship, in a fair and equitable amount to be determined at trial;

3.    For general damages to be awarded to Plaintiff for the pain, grief, sorrow, anguish, stress, shock and mental suffering, in a fair and equitable amount to be determined at trial;

4.    For general damages to be awarded to Plaintiff for the monetary loss of income incurred, plus reasonable damages for future monetary loss of income.

5.    For an award of punitive damages, in a fair and equitable amount to be determined at trial, pursuant to A.R.S. § 46-455H4;

6.    For an award of Plaintiff's costs incurred herein, pursuant to A.R.S. § 46-455 et seq; and

9

1        7.     For such other and further relief as the Court deems just and proper in the

2    premises.

3        RESPECTFULLY SUBMITTED this _8th_ day of July, 2015.

4
                                    JEFFREY L. VICTOR, P.C.
5

6                                   _____
                                    Jeffrey L. Victor
7                                   *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                          10

1  JEFFREY L. VICTOR, P.C.
   Attorney at Law
2  5425 E. Bell Rd., Ste 121
   Scottsdale, Arizona 85254
3  (602) 749-0900
   victoratty@aol.com
4
   Jeffrey L. Victor - 013132
5  *Attorney for Plaintiff*

6
              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7
                IN AND FOR THE COUNTY OF MARICOPA
8
   HELEN SCHIRMER, surviving spouse of      Case No.  CV2015-052706
9  Decedent CARL SCHIRMER, for and on her
   own behalf and on behalf of the decedent's estate
10 and on behalf of all who may have a statutory      CERTIFICATE OF COMPULSORY
   right of recovery,                                        ARBITRATION
11
           Plaintiff,
12
       vs.
13
   AVALON HEALTH CARE, INC., a Utah
14 corporation, doing business as AVALON
   CARE CENTER SHADOW MOUNTAINS; JOHN
15 DOES I-X; JANE DOES I-X; ABC
   CORPORATIONS I-X; and XYZ
16 PARTNERSHIPS I-X,

17         Defendants.

18        The undersigned certifies that the largest award sought by the Complainant <u>exceeds</u> the
19 limits set by Local Rule for Compulsory Arbitration. This case is not subject to the Uniform
20 Rules of Procedure for Arbitration.

21        DATED this 8ᵗʰ day of _____, 2015.

22                                        JEFFREY L. VICTOR, P.C.

23

24        _____
                Jeffrey L. Victor
25              *Attorney for Plaintiff*



1    JEFFREY L. VICTOR, P.C.
      Attorney at Law
2    5425 E. Bell Rd., Ste 121
      Scottsdale, Arizona 85254
3    (602) 749-0900
      victoratty@aol.com
4
      Jeffrey L. Victor - 013132
5    *Attorney for Plaintiff*

6

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

              IN AND FOR THE COUNTY OF MARICOPA

8    HELEN SCHIRMER, surviving spouse of     Case No.   CV2015-052706
9    Decedent CARL SCHIRMER, for and on her
      own behalf and on behalf of the decedent's estate
10   and on behalf of all who may have a statutory    **CERTIFICATE THAT EXPERT**
      right of recovery,                        **OPINION TESTIMONY IS**
11                                        **NECESSARY**
           Plaintiff,
12
           vs.
13
      AVALON HEALTH CARE, INC., a Utah
14   corporation, doing business as **AVALON CARE**
      **CENTER SHADOW MOUNTAINS; JOHN**
15   **DOES I-X; JANE DOES I-X; ABC**
      **CORPORATIONS I-X; and XYZ**
16   **PARTNERSHIPS I-X,**

17            Defendants.

18         Plaintiff, pursuant to A.R.S. § 12-2603(A) that, to the extent that negligence claims are

19   made against healthcare professionals herein, that those negligence claims against healthcare

20   professions will require expert opinion testimony to prove the healthcare professionals standard

21   of care or liability for the claim.  Therefore, a preliminary expert opinion Affidavit will be

22   served with the initial disclosures of Plaintiffs, required by Rule 26.1, Ariz. R. Civ. P., to the

23   extent that nursing care professionals, physicians or other healthcare professionals are claimed

24   to be at fault.

25

1

DATED this _8ᵗʰ_ day of _July_____, 2015.

2

3

JEFFREY L. VICTOR, P.C.

4

5

Jeffrey L. Victor
*Attorney for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Superior Court of the State of Arizona
In Maricopa County

Case N: **CV2015-052706**

MICHAEL K. JEANES, CLERK
BY KKee DEP
FILED
15 JUL -8 PM 4:03

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

rpreter Needed? Yes ☐ No ☒

If yes, language type: _____

To the best of my knowledge, all information is true and correct.

Plaintiff's Attorney _Jeffrey L. Victor, Esq._

Attorney Bar Number _013132_

Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Name(s): (List all)
_Helen Schirmer_

_____

_____

Plaintiff's Address:
c/o Jeffrey L. Victor, P.C.

5425 E. Bell Rd., Ste 121

Scottsdale, Arizona 85254

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Avalon Health Care, Inc. doing business as Avalon Care Center Shadow Mountains

_____

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"
as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a
substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the <u>one</u> case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐ Physician M.D.       ☐ Hospital
☐ Physician D.O       ☒ Other
**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ Six to Nineteen Structures
  ☐ Twenty or More Structures

Page 1 of 2

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title
☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights(Not General Stream Adjudication)
☐ Real Property
☐ Sexually Violent Person (A.R.S. §36-3704)
   (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute- Other
☐ Restoration of Civil Rights (Federal)
☐ Clearance of Records (A.R.S. §13-4051)
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Other _____
                 (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

_____

Additional Defendant(s)

_____

_____

MICHAEL K. JEANES
CLERK OF THE SUPERIOR COURT
MARICOPA COUNTY, ARIZONA
WWW.CLERKOFCOURT.MARICOPA.GOV


Loc: 0040335    OP# 04025


| Description | Qty | Amount |
|---|---|---|
| --------- CASE# CV2015-052702 --------- | | |
| COPIES | 003 | 1.50 |
| SUB TOTAL | | 1.50 |
| ------------------------------------- | | |
| TOTAL AMOUNT DUE | | 1.50 |
| ------------------------------------- | | |
| CREDIT (CCH 3910 AUTH# 001020) | | 1.50 |
| TOTAL PAID | | 1.50 |
| ===================================== | | |
| CHANGE | | 0.00 |


Date 08/07/2015 Time 09:09:59
Receipt# 24712462

Bonnie Lewis



Keep This Receipt For Your Records

## Liddy Legal Support Services
·PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737



```
15 JUL 27 PM 3: 41
        FILED
BY  [signature] , DEP
```

Client File # Schirmer
Account  # 0249
Invoice  # 24181
Liddy  # 167069-1

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

HELEN SCHIRMER, surviving spouse of Decedent
CARL SCHIRMER,

Plaintiff,

vs

AVALON HEALTH CARE, INC., et al.,

Defendant(s).

**AFFIDAVIT OF SERVICE
BY PRIVATE PROCESS SERVER**
Case No. CV2015-052706

**ORIGINAL**

ENTITY/PERSON TO BE SERVED: Avalon Health Care, Inc., dba Avalon Care Center Shadow Mountains

PLACE OF SERVICE:  206 N. 2100 W., Salt Lake City, UT 84116

DATE OF SERVICE: On the ⎯17⎯ day of ⎯July⎯ , 2015 at 1:30  am/pm

☐ PERSONAL SERVICE  ☒ Left a copy with a person authorized to accept service.  ☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

Name of Person Served and Relationship/Title  Served on Scott Carpenter, Statutory Agent

on ⎯7/9/2015⎯ we received the following documents for service:
Summons, Complaint, Certificate of Compulsory Arbitration and Certificate that Expert Opinion Testimony is Necessary

Received from JEFFREY L.VICTOR, PC, ( JEFFERY L. VICTOR #013132 )
PROCESS SERVER: Robert Hampton
The undersigned states: That I am a private process server in the county of ⎯Salt Lake⎯ , State of Utah.
SIGNATURE OF PROCESS SERVER: [signature]  Date: 7-20-15

Subscribed and sworn before me on 7-20-15
[signature] Heidi Anderson


HEIDI ANDERSON
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 01/01/2017
Commission # 661615

Notary Public
My Commission Expires
01 - 01 - 17
Tax ID# 90-0533870